# IN THE COURT OF APPEALS OF IOWA

No. 13-0958
Filed July 16, 2014

**TERRY HARRIS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

Terry Harris appeals from the district court's denial of his application for postconviction relief asserting ineffective assistance on the part of his trial and appellate counsel. **AFFIRMED.**

Michael J. Piper of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Mark H. Taylor, Assistant County Attorney, for appellee State.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Terry Harris was charged with possession of crack cocaine with intent to deliver, failure to possess a tax stamp, and possession of marijuana. A jury found Harris guilty as charged. In his direct appeal, Harris claimed his Sixth Amendment right to confront his accuser was violated when a police officer was allowed to testify about a controlled drug buy without the testimony of the confidential informant. He also claimed his trial counsel was ineffective for not trying to learn the informant's identity through a pretrial motion to compel disclosure or a motion to suppress. This court affirmed Harris's convictions. *See State v. Harris*, No. 10-0643, 2011 WL 2078193, at *5-6 (Iowa Ct. App. May 25, 2011).

Harris filed a pro se application for postconviction relief (PCR) raising essentially the same issues he raised on direct appeal—that his trial counsel was ineffective in failing to obtain the identity of the confidential informant, thus denying Harris the right to confront his accuser. He later filed a pro se supplemental application, asserting his trial counsel was ineffective for failing to fully investigate the case and for failing to file a motion to suppress. Through counsel, Harris's PCR application was later amended to allege his appellate counsel was ineffective for failing to raise claims under the Iowa Constitution.

We have carefully reviewed the record and the district court's PCR ruling. The district court's ruling is thorough and well-reasoned. Upon our de novo review, *see Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012), we find the district court addressed the claims raised by Harris, and we agree with the court's findings and conclusions. Any further discussion by our court of the issues

raised would add little to, and not change, the disposition of this case. Accordingly, the district court's ruling denying Harris's PCR application is affirmed without opinion. *See* Iowa R. App. P. 6.1203(a), (d).

**AFFIRMED.**